**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**GREGORY S. WILLIS,**

      **Petitioner,**                            **CASE NO. 2:11-CV-1056**
                                                **JUDGE GRAHAM**
      **v.**                               **MAGISTRATE JUDGE KING**

**TIMOTHY BRUNSMAN, WARDEN,**
**LEBANON CORRECTIONAL**
**INSTITUTION,**

      **Respondent.**

## REPORT AND RECOMMENDATION

      Petitioner, a state prisoner, brings this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This matter is before the Court on the *Petition*, doc. No. 1, Respondent's *Motion to Dismiss,* Doc. No. 5, Petitioner's *Objection to Motion to Dismiss*, Doc. No. 6, and the exhibits of the parties.  For the reasons that follow, the Magistrate Judge **RECOMMENDS** that Respondent's *Motion to Dismiss* be **GRANTED** and that this action be **DISMISSED** as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d).

## FACTS and PROCEDURAL HISTORY

      Petitioner was convicted after a jury trial on two counts of rape and one count of kidnapping. *Exhibit 5* to *Motion to Dismiss*.  On May 28, 2008, the trial court sentenced Petitioner to  an aggregate term of eighteen years incarceration.  *Exhibit 6* to *Motion to Dismiss.*  Petitioner filed a timely appeal, asserting that he had been denied the right to represent himself during the defense phase of trial and had been denied the right to recall a witness.  *See State v. Willis*, No. 08AP-536, 2009 WL 190065 (Ohio App. 10th Dist. Jan. 27, 2009).  On January 27, 2009, the Ohio Tenth District Court of Appeals affirmed the judgment of the trial court.  *Id.*  Petitioner did not timely

appeal that judgment to the Ohio Supreme Court.  Instead, on September 13, 2010, Petitioner filed a motion for delayed appeal to the Ohio Supreme Court.  *Exhibits 41, 42* to *Motion to Dismiss*.  On October 27, 2010, the Ohio Supreme Court denied that motion and dismissed the appeal.  *State v. Willis*, 126 Ohio St.3d 1615 (2010).  On December 15, 2010, the Ohio Supreme Court denied Petitioner's motion for reconsideration.  *State v. Willis*, 127 Ohio St.3d 1464 (2010).

Petitioner also pursued post conviction relief.  On January 29, 2009, he filed a petition for post conviction relief in the state trial court,  asserting that  he had been denied a fair trial because the trial court failed to inquire into the basis of his pre-trial complaint against his attorney (claim one), that he had been denied access to exculpatory evidence, hindering his right to prepare a defense (claim two), that he had been denied due process because his attorney and the prosecutor failed to preserve evidence (claim three), that he had been denied a fair trial because the trial court failed to inquire into his mid-trial complaint against his attorney (claim four), that he had been denied a meaningful opportunity to present a defense (claim five), that he had been deprived of the right to be presumed innocent until proven guilty (claim six), that he had been denied the effective assistance of counsel because his attorney failed to present a defense, failed to present the jury with statutory selections, failed to obtain expert assistance, and failed to conduct pre-trial preparation (claims seven through ten), that he had been denied a fair trial because the judge refused to recuse himself (claim eleven), that he had been denied the effective assistance of counsel because his attorney failed to file pre-trial motions and deprived him of the opportunity to present an affirmative defense (claims twelve and thirteen) and that he was sentenced in violation of the Eighth Amendment (claim fourteen).  *See Exhibit 16* to *Motion to Dismiss.*  In a *Judgment Entry* filed on March 10, 2009, the trial court denied the petition for post conviction relief.  *Exhibit 18* to *Motion*

*to Dismiss*.  It does not appear that Petitioner ever filed an appeal from that decision.

Petitioner also filed multiple requests for an extension of time to file an application to reopen his appeal pursuant to Ohio Appellate Rule 26(B).[1]  The appellate court denied all of those requests. *See Exhibit 25* to *Motion to Dismiss*.  Additionally, on December 8, 2009, Petitioner filed a *Motion for Immediate Release, Exhibit 27* to *Motion to Dismiss.*  On March 8, 2010, Petitioner requested the appellate court to issue a ruling on his October 22, 2009, Rule 26(B) application.  *Exhibit 31* to *Motion to Dismiss*.  The appellate court denied Petitioner's motion, stating that it was "not convinced" that Petitioner had actually filed a Rule 26(B) application.  *Exhibit 32* to *Motion to Dismiss*.  Thereafter, on April 16, 2010, Petitioner filed a delayed Rule 26(B) application in the state appellate court.  *Exhibit 33* to *Motion to Dismiss.*  On July 27, 2010, the appellate court denied that application as untimely.  *Exhibit 36* to *Motion to Dismiss*.  On September 2, 2010, the appellate court denied Petitioner's motion for reconsideration as untimely.  *Exhibit 40* to *Motion to Dismiss*.  On December 29, 2010, the Ohio Supreme Court dismissed Petitioner's subsequent appeal.  *State v. Willis*, 127 Ohio St.3d 1486 (2010).  On March 2, 2011, the Ohio Supreme Court denied Petitioner's motion for reconsideration.  *State v. Willis*, 128 Ohio St.3d 1415 (2011).

On November 2, 2011, Petitioner filed this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following grounds:

> 1.  Denied self representation / denied replacement of defense counsel, 6th Amendment.
>
> 2.  Denial of effective representation of counsel pre-trial and mid-trial

---

[1]  Petitioner filed these requests on April 9, 2009, June 3, 2009, July 7, 2009, August 4, 2009, September 2, 2009, and October 6, 2009.  *See Exhibits 19 -24* to *Motion to Dismiss.*

the court failed its "duty to inquire" into specific objections about defense counsel.

3.  Denied compulsory process/right to present a defense.

4.  Ineffective assistance of appellate counsel.

5.  Violation of equal protection of the law as other Ohio appeals that were filed late were considered on the merit[s], but mine was not – same appellate district ruling differently.

6.  Due process violated as post release control was not properly imposed at the sentencing hearing.

7.  Whether due process was violated by the cumulative effect of the aforementioned grounds.

Respondent contends in the motion to dismiss that the action is time-barred.

## STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), which became effective on April 24, 1996, imposes a one-year statute of limitations on the filing of federal habeas corpus petitions.  28 U.S.C. § 2244(d) provides:

(d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Here, Petitioner's judgment of conviction became final on March 13, 2009, *i.e.,* forty-five days after the appellate court's January 27, 2009, dismissal of his direct appeal, when the time for filing an appeal to the Ohio Supreme Court expired. *See Keeling v. Warden, Lebanon Correctional Inst.*, 673 F.3d 452, 460 (6th Cir. 2012)(citing *Gonzalez v. Thaler*, – U.S. –, 132 S.Ct. 641 (2012)). Because Petitioner's petition for post conviction relief was pending at that time, the statute of limitations did not begin to run until April 9, 2009, *i.e.,* the date that Petitioner could have timely appealed the trial court's March 10, 2009, denial of his post conviction petition. *See* 28 U.S.C. § 2244(d)(2). The statute of limitations expired one year later, on April 9, 2010. Petitioner's April 16, 2010, delayed application to reopen the appeal did not toll the running of the statute of limitations, because Petitioner filed this application after the statute of limitations had already expired. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003)(The tolling provision of § 2244(d)(2) "does not ... 'revive' the limitations period ( *i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run"). Additionally, the state appellate court denied Petitioner's Rule 26(B) application as untimely. See *Pace v. DiGuglielmo,* 544 U.S. 408, 417 (2005)(untimely post conviction petition is not properly filed so as to toll the running of the statute of limitations under 28 U.S.C. §2244(d)(2)). Similarly, this Court is not persuaded that any of Petitioner's motions for an extension of time to file his Rule 26(B) application tolled the running of the statute of limitations; Ohio law does not contemplate an extension of time in which to file a Rule

5

26(B) application, but only requires that a defendant establish "good cause" for the untimely filing

of the application.  *See* Ohio Appellate Rule 26(B)(2)(b).  "[A] petition that cannot even be initiated

or considered . . . is not 'properly filed'" under 2244(d)(2).  *Pace v. DiGuglielmo* 544 U.S. at 417;

*see also Williams v. Birkett*, 670 F.3d 729, 733 (6th Cir. 2012)(successive motion for relief from

judgment not properly filed under 2244(d)(2)).  Further, Petitioner has not alleged any extraordinary

circumstances that would justify equitable tolling of the statute of limitations.  *See Holland v.*

*Florida*, – U.S. –, 130 S.Ct. 2549, 2562 (2010)(statute of limitations may be equitably tolled in

extraordinary circumstances).

Petitioner contends that, on October 22, 2009, he timely filed what was an easily identifiable

application to reopen his appeal under Ohio Appellate Rule 26(B).  Because this filing was both

sufficient and timely, Petitioner argues, it served to toll the statute of limitations under 28 U.S.C.

§ 2244(d)(2) notwithstanding the state appellate court's improper treatment of his application as

merely letters to the court.  *Objection to Motion to Dismiss*, at 5.  Petitioner has attached a copy of

what he contends are the first eleven pages of this application, *see Exhibit 7* to *Objection to Motion*

*to Dismiss*, which are not included in the Respondent's copy of this same purported filing.  *See*

*Exhibit 26* to *Motion to Dismiss*.

This Court is not persuaded by Petitioner's argument.  Notably, Petitioner's copy of what

he contends are the first eleven pages of his October 22, 2009, Rule 26(B) application filed with the

state appellate court, *Exhibit 7* to *Objection to Motion to Dismiss*, contains no time-stamp indicating

that it was ever actually filed with the state appellate court.  By contrast, the document provided by

Respondent, *Exhibit 26* to *Motion to Dismiss*, was actually filed on October 22, 2009, as evidenced

by the time stamp reflected on that document.  Moreover, the latter document  is paginated and

indicates that all thirty-one pages have been attached.  That document is not identifiable as a Rule 26(B) application.

Alternatively, Petitioner contends that this action is timely under 28 U.S.C. § 2244(d)(1)(B) because the Office of the Ohio Public Defender, which reviewed Petitioner's case to determine whether it would represent Petitioner in a Rule 26(B) application, allegedly waited until May 5, 2009 – *i.e.,* after the time for filing a timely Rule 26(B) application had already expired – to advise Petitioner that it would not represent him in those proceedings.  *Objection to Motion to Dismiss*, at 23.

Section 2244(d)(1)(B) provides that the one-year statute of limitations runs from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action."

> In order to invoke § 2244(d)(1)(B), the prisoner must show that: (1) he was prevented from filing a petition (2) by State action (3) in violation of the Constitution or federal law." *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003). Specifically, " '[s]ection 2244(d)(1)(B) requires a causal relationship between the unconstitutional state action and being prevented from filing the petition.' " *Winkfield v. Bagley*, 66 Fed. Appx. 578, 583 (6th Cir. 2003) (quoting *Dunker v. Bissonnette*, 154 F.Supp.2d 95, 105 (D.Mass. 2001).

*Butler v. Davis*, No. 05-72727, 2006 WL 950263, at *5 (E.D. Mich. April 10, 2006).  In support of this contention, Petitioner has attached a letter from John A. Bay, of the Office of the Ohio Public Defender, dated May 5, 2009, which indicates in relevant part:

> I regret that my review of your transcript consumed all the time in which you had to file a timely application to reopen your appeal.  It was my intention to complete my review and make a merit determination of your claim quickly, hoping to find a way to file a successful application.  Unfortunately, I did not [find] any

> assignments of error missed by your appellate attorney that would
> have changed the outcome of your appeal.
>
> For this reason, I will not file an application for reopening on your
> behalf. . . . I expect that you will disagree with my evaluation of your
> case.  If you do, App.R. 26(B) allows you to file a delayed
> application, and you can use this letter to show good cause for the
> delay.

*Exhibit 10* to *Objection to Motion to Dismiss*.  However, Petitioner waited almost another year –

until April 16, 2010 – to file a delayed Rule 26(B) application.  *See Exhibit 13* to *Objection to*

*Motion to Dismiss*. In any event, the record simply does not suggest that the State of Ohio acted in

violation of the Constitution or laws of the United States or that the Office of the Public Defender

prevented Petitioner from timely filing his own Rule 26(B) application.

Finally, Petitioner argues that equitable tolling of the statute of limitations is warranted

because the Office of the Ohio Public Defender deceived him by promising to assist him, because

the Ohio Court of Appeals failed to respond to his timely Rule 26(B) application and because he

acted diligently in pursuing his rights.  *Id.* at 24-25.  This argument is likewise unpersuasive.

"[P]etitioner bears the ... burden of persuading the court that he . . . is entitled to equitable

tolling." *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). Equitable tolling should be used

sparingly. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). The statute of limitations may be

equitably tolled "'when a litigant's failure to meet a legally-mandated deadline unavoidably arose

from circumstances beyond the litigant's control.'"  *Hall v. Warden, Lebanon* Corr. *Inst*., 662 F.3d

745, 749 (6th Cir. 2011)(quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)).

> The Supreme Court has explained that "[w]e have allowed equitable
> tolling in situations where the claimant has actively pursued his
> judicial remedies by filing a defective pleading during the statutory
> period, or where the complainant has been induced or tricked by his
> adversary's misconduct into allowing the filing deadline to pass."
> *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453,

> 112 L.Ed.2d 435 (1990). However, "[w]e have generally been much less forgiving ... where the claimant failed to exercise due diligence in preserving his legal rights." *Id.; cf. Baldwin County Welcome Ctr. v. Brown,* 466 U.S. 147, 151, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984) ("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence.").

*Jurado v. Burt*, 337 F.3d 638, 642–43 (6th Cir. 2003). A habeas corpus petitioner is entitled to equitable tolling if he can establish 1) that "he has been pursuing his rights diligently;" and 2) "some extraordinary circumstance stood in his way and prevented timely filing." *Hall*, 662 F.3d at 749. *See also Patterson v. Lafler*, – F.Appx. –, No. 10-1379, 2012 WL 48186, at *2 n.1 (6th Cir. Jan. 9, 2012)). Petitioner has met neither of these tests here.

   **WHEREUPON,** the Magistrate Judge **RECOMMENDS** that Respondent's *Motion to Dismiss,* Doc. No. 5, be **GRANTED** and that this action be **DISMISSED** as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d).

## PROCEDURE ON OBJECTIONS

   If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

   The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation*

*de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

  *s/ Norah McCann King*
Norah McCann King
United States Magistrate Judge

July 2, 2012