**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**GREGORY S. WILLIS,**

    **Petitioner,**

v.

**TIMOTHY BRUNSMAN, WARDEN,**

    **Respondent.**

**CASE NO. 2:11-CV-1056
JUDGE GRAHAM
MAGISTRATE JUDGE KING**

## OPINION AND ORDER

On July 2, 2012, the Magistrate Judge issued a *Report and Recommendation* recommending that Respondent's *Motion to Dismiss* (Doc. 5) be granted and that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d). This matter is before the Court on Petitioner's *Objections* to the *Report and Recommendation* and request for a certificate of appealability (Doc. 11), Respondent's *Reply* (Doc. 13), and Petitioner's *Amended Response* (Docs. 15, 16). For the reasons that follow, Petitioner's objections are **OVERRULED**. Petitioner's request for an evidentiary hearing is **DENIED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**. Moreover, Petitioner's request for a certificate of appealability is **DENIED**.

Petitioner objects to the Magistrate Judge's recommendation that his habeas corpus petition be dismissed as untimely. According to Petitioner, the statute of limitations has not yet begun to run or, alternatively, has been tolled under 28 U.S.C. § 2244(d)(2)[1] since April 9, 2009, *i.e.,* the last date

---

[1]28 U.S.C. § 2244(d)(2) provides:

    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any

on which he could have timely appealed the trial court's March 10, 2009, dismissal of his petition for post conviction relief and the date on which he first sought an extension of time in which to file an application to reopen the appeal pursuant to Ohio Appellate Rule 26(B). Petitioner contends that his motion for an extension of time to file a Rule 26(B) application was "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2) and Ohio's Appellate Rules. Because the state appellate court never expressly denied that motion, Petitioner argues, the motion remains pending and continues to toll the running of the statute of limitations. Petitioner also argues that an October 22, 2009, filing by him with the Ohio Tenth District Court of Appeals constituted a properly filed Rule 26(B) application but that the clerk of that court improperly construed the submission as merely a letter; this action, Petitioner contends, is therefore timely under 28 U.S.C. 2244(d)(1)(B).[2] Finally, Petitioner insists that he acted diligently in pursuing his claims and that the statute of limitations should therefore be equitably tolled based on the state courts' errors and because he was induced or tricked into allowing his rights to lapse.

In response, Respondent argues that Petitioner's motions for extension of time did not serve to toll the running of the statute of limitations under the plain language of 28 U.S.C. § 2244(d)(2) because those motions were not "properly filed application[s] for State post-conviction or other collateral review." Respondent also argues that Petitioner's April 16, 2010, delayed Rule 26(B) application likewise did not toll the running of the statute of limitations because the state appellate

---

period of limitation under this section.

[2] 28 U.S.C. § 2244(d)(1)(B) provides that the statute of limitations begins to run from "the date on which the impediment to filing an application [for a federal writ of habeas corpus] created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action[.]"

2

court denied the application as untimely. *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005).

The parties do not refer to, and this Court has been unable to locate, any authority on the issue of whether a request for an extension of time to file a post conviction or collateral action – whether that request be granted or denied – is the equivalent of "a properly filed application for State post-conviction or other collateral review" under § 2244(d)(2) so as to toll the running of the statute of limitations. This Court need not, however, resolve that issue here.

As discussed by the Magistrate Judge, the statute of limitations began to run in this case on April 9, 2009, *i.e.* the date that Petitioner could have timely appealed the trial court's March 10, 2009, denial of his post conviction petition. Even assuming that Petitioner's April 9, 2009, motion for an extension to June 6, 2009, in which to file that appeal tolled the running of the statute of limitations, the tolling would not have lasted longer than 59 days, *i.e.*, the period requested. *See Exhibit 19 to Motion to Dismiss.*[3] The statute of limitations therefore expired on June 7, 2010. Petitioner nevertheless waited until November 2, 2011, to file his habeas corpus petition, which was signed by him on October 17, 2011.

Petitioner complains that he did not receive notice of the trial court's denial of his petition for post conviction relief until March 20, 2009, because his legal mail was frequently sent to the wrong address after his transfer to a different institution on February 3, 2009. Petitioner argues that the statute of limitations therefore did not begin to run until May 16, 2009. *See Petitioner's Response*, at 3.

Even accepting this argument, a petition for a federal writ of habeas corpus that was executed

---

[3] On June 3, 2009, however, Petitioner sought another extension of time – to July 9, 2009 – in which to file the Rule 26(B) application. *Exhibit 20 to Motion to Dismiss*. That request was denied by the state court of appeals. *Exhibit 21 to Motion to Dismiss.*

on October 17, 2011, and filed on November 2, 2011, was not timely. Moreover, *Miller v. Collins*, 305 F.3d 491 (6th Cir. 2002), an equitable tolling case upon which Petitioner relies, does not support Petitioner's position. The petitioner in *Miller* did not learn of a decision denying the direct appeal for approximately six months, but then acted diligently to pursue his rights in habeas corpus. Such are not the circumstances here.

Petitioner has sat on his rights at almost every turn. He failed to file a timely appeal of the appellate court's January 27, 2009 decision denying his direct appeal. He then waited more than nineteen months, until September 13, 2010, before he filed a motion for delayed appeal to the Ohio Supreme Court. Petitioner has never filed an appeal of the trial court's denial of his state post conviction petition. He filed six requests for extension of time in which to file a Rule 26(B) application and waited until April 16, 2010, before actually filing the Rule 26(B) application. Petitioner followed this procedure even though the Public Defender had advised him in a letter dated April 25, 2009, of the proper procedure for filing a delayed Rule 26(B) application. *See Exhibit 33 to Motion to Dismiss.* That Rule 26(B) application was denied as untimely by the state court. Finally, Petitioner waited eight months after the last state court ruling, *see Exhibit 53 to Motion to Dismiss*, before filing the petition for a writ of habeas corpus on November 2, 2011. Under these circumstances, Petitioner has simply not established that the equitable tolling of the statute of limitations is warranted in this case.

Petitioner again argues that, on October 22, 2009, he filed a timely Rule 26(B) application which the appellate court improperly construed as a letter, thereby interfering with his ability to timely file his habeas corpus petition. *See* 28 U.S.C. § 2244(d)(1)(B). This Court disagrees. The state appellate court has already rejected this argument, *see Exhibit 32 to Motion to Dismiss,* and the

4

factual finding made in that rejection must be presumed to be correct. 28 U.S.C. § 2254(e). Moreover, this Court has reviewed the document referred to by Petitioner, *Exhibit 26 to Motion to Dismiss,* and also concludes that the filing did not reasonably notify the state court that the filing was intended to serve as a Rule 26(B) application.

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the foregoing reasons, and for the reasons detailed in the Magistrate Judge's *Report and Recommendation*, Petitioner's *Objections* are **OVERRULED**.

The *Report and Recommendation* (Doc. 7) is **ADOPTED AND AFFIRMED**.

Respondent's *Motion to Dismiss* (Doc. 5) is **GRANTED**. This action is hereby **DISMISSED** as untimely. The Clerk is **DIRECTED** to enter **FINAL JUDGMENT**.

Petitioner has requested a certificate of appealability. Where, as here, the habeas corpus petition is denied on procedural grounds, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner has failed to establish that reasonable jurists would debate whether the district court was correct in its procedural ruling. Petitioner's request for a certificate of appealability is therefore **DENIED**.

Date: September 11, 2012                              s/James L. Graham
                                                      James L. Graham
                                                      United States District Judge